244

United States Court of Appeals for the District of Columbia.

Argued March 8, 1938.
Decided April 18, 1938.

Charles Fahy and Robert B. Watts, both of Washington, D. C., for petitioner.

Joseph W. Wyatt, of Washington, D. C., for respondent.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

This is a petition by the National Labor Relations Board for the enforcement of its order directing Willard, Inc., the operator of the Willard Hotel, to cease interfering, by discrimination or otherwise, with its employees in the exercise of their right of organization and collective bargaining, to reinstate with back pay two discharged employees, and to post appropriate notices. 2 N.L.R.B. 1094. Section 8 (1) of the National Labor Relations Act, 49 Stat. 452, 29 U.S.C.A. § 158(1), forbids an employer to interfere with or coerce employees in the exercise of the right, guaranteed by section 7 of the act, 29 U.S.C.A. § 157, to organize and to bargain collectively. The Board found, after hearings, that Garland P. Webb and Mabel Norman had been discharged in violation of those sections. Respondent having failed to comply with the Board's order, the Board petitioned this court pursuant to section 10 (e) of the act, 29 U.S.C.A. § 160 (e). That section makes the Board's findings of fact, if supported by evidence, conclusive here.

Both employees were highly competent waiters of long experience and good records at the Willard. Late in 1936, both were active as organizers and "shop stewards" of the union. In December, Miss Norman, at the suggestion of Mr. Webb, organized the Coffee Shop waitresses. On December 29 she was their spokesman in a dispute, which led to a brief strike, over the signing of new contracts of employment. Webb was summarily discharged on January 1, 1937, and Miss Norman on February 28. On January 25 Miss Norman, and she alone among respondent's employees, testified against respondent at the Board hearing on the discharge of Webb. Respondent explains Webb's discharge on the ground that he served one order incorrectly. Other employees who shared his responsibility were not discharged or reprimanded. Respondent's representatives gave conflicting reasons for the dismissal of Miss Norman. Her superior, the Coffee Shop manager, resented her testimony at the Webb hearing, and told her she was being discharged "because you didn't do the right thing," but on instructions from the managing director promptly withdrew that statement and charged "inefficiency" or "incompetence." The managing director presently posted a notice which gave "insubordination" as the reason. There was testimony that Miss Norman acted "as if she owned the place," kept the Coffee Shop in an "uproar," and the like. Several waitresses asked for her discharge or transfer; but the Coffee Shop manager tried to obtain signatures to that request, and apparently it did not reach the managing director until after he had decided to dismiss Miss Norman. If the Board had found that she was not discharged be-

cause of her testimony in the Webb case, no doubt the finding could be supported; but ample evidence supports the finding that she was discharged for that reason. In the case of Webb, it would be hard to support any other finding than the one which the Board made.

We hold that the Board's order is valid and must be enforced.

Petition granted.